1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TYRONE A. WHITE,                        No.  2:13-cv-2128 KJN P

12              Petitioner,

13        v.                                 ORDER

14   TIM VIRGA,

15              Respondent.

16

17        Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ

18   of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner consented to proceed before the

19   undersigned for all purposes.  See 28 U.S.C. § 636(c).

20        On November 18, 2013, petitioner filed a request to proceed in forma pauperis pursuant to

21   28 U.S.C. § 1915.  Examination of the in forma pauperis affidavit reveals that petitioner is unable

22   to afford the costs of suit.  Accordingly, the request for leave to proceed in forma pauperis is

23   granted.  See 28 U.S.C. § 1915(a).

24        The court's records reveal that petitioner has previously filed an application for a writ of

25   habeas corpus attacking the April 1, 2003 conviction and sentence challenged in this case.  The

26   previous application was filed on January 31, 2008, and on September 10, 2008, the district court

27   granted respondent's motion to dismiss the action as barred by the statute of limitations.  White v.

28   Walker, 2:08-cv-0237 FCD JFM (E.D. Cal.).

                                              1

1     A petition is second or successive if it makes "claims contesting the same custody

2  imposed by the same judgment of a state court" that the petitioner previously challenged, and on

3  which the federal court issued a decision on the merits.  Burton v. Stewart, 549 U.S. 147, 153

4  (2007).  A second or subsequent habeas petition is not considered "successive" if the initial

5  habeas petition was dismissed for a technical or procedural reason.  See Slack v. McDaniel, 529

6  U.S. 473, 485-87 (2000) (second habeas petition not "successive" if initial habeas petition

7  dismissed as "mixed" petition containing exhausted and unexhausted claims where no claim in

8  initial petition adjudicated on the merits).  However, in McNabb v. Yates, 576 F.3d 1028,1030

9  (9th Cir. 2009), the Ninth Circuit held that dismissal of a habeas petition for failure to comply

10  with the AEDPA statute of limitations renders subsequent petitions challenging the same

11  conviction successive.

12     Here, petitioner challenges the sentence imposed on June 13, 2003, which sentence was

13  based on the April 1, 2003 conviction.  (ECF No. 1 at 12.)  Therefore, before petitioner can

14  proceed with the instant application, he must move in the United States Court of Appeals for the

15  Ninth Circuit for an order authorizing the district court to consider the application.  28 U.S.C.

16  § 2244(b)(3).  Accordingly, petitioner's application must be dismissed without prejudice to its re-

17  filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

18     In accordance with the above, IT IS HEREBY ORDERED that petitioner's application to

19  proceed in forma pauperis is granted; and

20     IT IS ORDERED that this action is dismissed without prejudice.

21  Dated:  December 4, 2013

22

23  /whit2128.suc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28